IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIANO DE LOS SANTOS-POLANCO, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH P. NISH, et al., | : | NO. 06-1679 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed

pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional

Institution at Waymart, in Waymart, Pennsylvania.  For the reasons which follow, it is

recommended that the petition be DENIED and DISMISSED.

I.      PROCEDURAL HISTORY

Petitioner was tried on four counts of simple and aggravated assault, criminal

conspiracy, possession, and possession with intent to deliver a controlled substance.  On May 27,

1994, the jury was deadlocked on three of the aggravated assault charges and the trial judge

declared a mistrial.  In September of 1994, following petitioner's re-trial, petitioner was

convicted of three counts of aggravated assault.  Specifically, petitioner was found guilty of

shooting a police officer who had lawfully entered the drug home petitioner was in to execute a

search warrant.  Petitioner was sentenced to an aggregate term of sixteen (16) to thirty-two (32)

years imprisonment.

Petitioner filed a direct appeal to the Pennsylvania Superior Court.   While this

appeal was still pending,  petitioner filed on May 13, 1996, a petition under the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  The PCRA court dismissed petitioner's petition

as premature because petitioner's direct appeal was still pending.

On May 15, 1996, the Pennsylvania Superior Court affirmed petitioner's judgment of

sentence.   Petitioner did not appeal to the Pennsylvania Supreme Court.

On August 24, 1998, petitioner filed a second PCRA petition.  Counsel was appointed by

the PCRA court.  Counsel subsequently filed a "no merit" letter in accordance with

Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed

the petition.  On October 3, 2004, the Superior Court affirmed the dismissal of the petition.

Petitioner did not seek allocatur.

On August 25, 2003, petitioner filed a third PCRA petition.  The petition was

dismissed by the PCRA court as untimely.  The Superior Court affirmed this dismissal.  On

August 10, 2005, the Pennsylvania Supreme Court denied petitioner's request for allocatur.

On April 14, 2006, petitioner filed the instant *pro se* petition for Writ of Habeas

Corpus, raising the following claims:

> (1)   All of petitioner's prior counsel were ineffective for failing to tell the court
> about a prior robbery and shooting that took place in the house petitioner
> was in the night the police executed the search warrant;
>
> (2)   Petitioner's constitutional rights were violated when PCRA court did not
> appoint counsel for petitioner's third PCRA petition; and
>
> (3)   The prosecution reneged on a promise to assist petitioner in exchange for
> petitioner's testimony in another case.

Respondent asserts that this petition is time barred and must be dismissed, as

petitioner is not entitled to habeas review or relief.  We agree.

2

II.     TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as

these claims are barred by the procedural obstacle of timeliness.  A strict one-year time limitation

on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, et seq.,

which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

enacted on April 24, 1996.  Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an applicant for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by
> > the State action in violation of the Constitution or laws of the United
> > States is removed, if the applicant was prevented from filing by such State
> > action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized
> > by the Supreme Court and made retroactively applicable to cases on
> > collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of due
> > diligence.

28 U.S.C. §2244 (d)(1) (1996).

This statute also creates a tolling exception which notes that "[t]he time during

which a properly filed application for state post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

3

under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner's judgment of sentence was affirmed by the Superior Court on May 15, 1996. Petitioner had thirty days from the entry of the Superior Court order to seek review by the Pennsylvania Supreme Court. Petitioner never sought review by the Pennsylvania Supreme Court. Accordingly, direct review ceased on June 14, 1996. Thus, petitioner had until June 14, 1997 in order to file a timely petition for writ of habeas corpus.

On May 13, 1996, prior to the Superior Court affirming petitioner's judgment of sentence, petitioner filed a PCRA petition. The PCRA court dismissed the petition as premature. As stated above, the AEDPA limitation period for filing a petition for federal habeas relief elapsed on June 14, 1997. On August 24, 1998, fourteen months after the AEDPA limitation period elapsed, petitioner filed an untimely application for post-conviction relief. The petition was dismissed by the PCRA court. On October 3, 2004, the Superior Court affirmed the dismissal. Petitioner filed a third PCRA petition on August 25, 2003. The PCRA court dismissed the petition as untimely. The Superior Court affirmed the dismissal. On August 10, 2005, the Pennsylvania Supreme Court denied discretionary review.

Here, Petitioner's untimely PCRA petitions did not toll the statute of limitations. The instant habeas petition was not filed until April 14, 2006, approximately nine years after the

deadline for filing, leaving this court with no choice but to dismiss the request for relief as untimely without consideration of the merits.

One avenue of relief remains for petitioner.  The statute of limitations set forth in the AEDPA is subject to equitable tolling.  Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (quotation omitted).  The Third Circuit has set forth three circumstances permitting equitable tolling:  (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases).

Here, petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations.  Petitioner makes an ineffective assistance of counsel claim that relates to the actions of prior counsel during petitioner's trial and appeals.  The ineffective assistance of counsel claim in no way relates to petitioner's delay in filing petitioner's PCRA petitions and habeas corpus petition.  Petitioner also states that he does not speak English and had difficulty pursuing an appeal.  However, petitioner made no attempt to file a PCRA petition or habeas corpus petition within the AEDPA one year time limit.  Furthermore, petitioner waited an additional fourteen months after the AEDPA time period had run to file his PCRA petition.

Petitioner's arguments do not qualify as extraordinary circumstance which would allow for equitable tolling.  Consequently, we decline to exercise our equitable tolling powers, and we dismiss the petitioner's habeas petition in its entirety.

Therefore, I make the following:

<u>RECOMMENDATION</u>

AND NOW, this _____ day of September, 2006, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE